*J. W. Burton,* for appellant.

———————o———————

REED 'and Another *v.* BANSEMER and Others.

JUDGMENT—RELIEF AGAINST.—Complaint to enjoin the collection of a judgment. It appeared by a letter from the judgment plaintiffs to their attorneys, made an exhibit with the complaint that the debt upon which the judgment was afterwards taken, had been in some manner arranged, and the attorneys were directed to deliver up the note upon the payment, by one A, of the costs and attorneys' fees. The costs and fees were not paid by A, but after judgment the defendant paid them. As an excuse for not making a defense, it was alleged that the character of the judgment plaintiffs for integrity was so high as to induce the present plaintiff to believe that they would not take a judgment under such circumstances.

*Held,* that the complaint was bad, 1, because it did not appear what the arrangement stated was based upon—whether the debt had been paid in full, or whether anything had been paid or given in satisfaction—and 2d, because the condition as to the payment of the costs, &c., not having been complied with, the defendant was not entitled to receive the note, and should have made his defense.

APPEAL from the *Fountain* Common Pleas.

FRAZER, C. J.—This was a suit to enjoin the collection of a balance of a judgment. It appears from a letter written by the judgment plaintiffs to their attorneys, which is an exhibit filed with the complaint, that the debt was, in some manner, arranged before judgment, so that the note which formed the basis of the judgment was to be deliv-

ered to the appellants, upon the payment by one *Glover* of the attorneys' fees and costs which had accrued. This letter, it was averred, was shown to the attorney before judgment. *Glover* did not pay the costs and attorneys' fees, and after judgment the plaintiffs paid them. As an excuse for neglecting to make their defense while the suit on the note was pending, it is alleged that the established character of the present defendants (then plaintiffs) for integrity, was so high as to induce the belief that they would not take a judgment under such circumstances. A demurrer to the complaint was sustained, and this constitutes the question before us.

The complaint was bad for a number of reasons. First, it does not apppear what the arrangement stated was based upon; whether a payment in full of the debt, or of only a part of it, or, indeed, whether anything was paid or given in satisfaction; all is left to inference from the letter addressed by the then plaintiffs to their attorneys, and nothing definite can be inferred from that.

Again, the attorney did not violate the directions of his clients. *Glover* did not pay the fees and costs, and so the condition upon which the note was to be delivered up did not happen. If the appellant preferred to run the risk of *Glover's* action, the consequences, if any, must fall upon himself. He should have made his defense. Having neglected to do that, he cannot successfully invoke the power of the court to relieve him against the consequences, without at least showing some definite and distinct equitable reason to sustain his application. The whole complaint may be true, and yet the whole debt may have remained actually due at the date of the judgment.

The judgment is affirmed, with costs.

*J. Ristine*, for appellants.

*W. H. Mallory*, for appellees.